IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GREG CANNON,** *et al.***,**

    **Plaintiffs,**

                                  **Civil Action 2:20-cv-1651**
                                  **Judge Michael H. Watson**
    **v.**                                  **Chief Magistrate Judge Elizabeth P. Deavers**

**C R BARD INCORPORATED,** *et al.***,**

    **Defendants.**

## REPORT AND RECOMMENDATION

    Plaintiffs filed this action within the Bard IVC Filters Products Liability Litigation in the United States District Court for the District of Arizona on December 1, 2018, before Judge David G. Campbell.  On April 1, 2020, the case was transferred to this Court and the parties were ordered to file a joint written status report updating the Court on the status of the case.  (ECF Nos. 12, 14.)  On April 14, 2020, counsel for Plaintiffs, Attorney Roxell Richards, filed a Motion to Withdraw as Counsel.  (ECF No. 24.)  Plaintiffs were ordered to file a written response by May 6, 2020, if they intended to oppose the Motion to Withdraw as Counsel.  (ECF No. 25.)  No such response was filed and the Court granted the Motion to Withdraw as Counsel on May 12, 2020.  (ECF No. 33.)  In the Order granting the Motion to Withdraw as Counsel, the Court provided notice of a telephonic status conference scheduled for May 27, 2020.  (*Id.*)  The docket reflects that Plaintiffs received a copy of this Order.  (ECF No. 34.)

    The matter came before the Court for the status conference on May 27, 2020, pursuant to the Court's Order.  (ECF No. 35.)  Counsel for Defendants appeared and were prepared to

participate in the conference. (*Id.*) Plaintiffs, however, failed to appear for the conference and did not contact the Court at any time to communicate that they were unavailable. (*Id.*) Accordingly, the Court directed Plaintiffs to show cause by June 10, 2020, why the case should not be dismissed for failure to prosecute. (*Id.*) Plaintiffs were specifically cautioned that failure to respond to the Show Cause Order could result in dismissal of the case. (*Id.*) The docket reflects that Plaintiffs received a copy of this Order. (ECF No. 36.) To date, Plaintiffs have not filed a response to the Show Cause Order or otherwise complied with Court orders.

## I.

Under the circumstances presented in the instant case, the Undersigned recommends dismissal of Plaintiffs' action pursuant to Federal Rule of Civil Procedure 41(b). The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his or her failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *Chambers v. Nasco, Inc.*, 501 U.S. 32, 49, 111 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Walbash R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT&T*, 176 F.3d 359, 63 (6th Cir.1999).

The Court of Appeals for the Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir.2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

## II.

Here, the record demonstrates such delay and contumacious conduct. After Plaintiffs failed to attend the telephonic status conference on May 27, 2020, the Court ordered them to show cause why this case should not be dismissed for want of prosecution. This Order provided Plaintiffs with adequate notice of the Court's intention to dismiss for failure to prosecute and supplied them with a reasonable period of time to comply. It also provided them with an opportunity to show cause why this case should not be dismissed for want of prosecution. Because Plaintiffs have missed deadlines and disregarded Court orders, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process. The Undersigned therefore **RECOMMENDS** that the Court **DISMISS** Plaintiffs' action under Rule 41(b).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**Date: June 17, 2020**             **/s/ *Elizabeth A. Preston Deavers***
                                    **ELIZABETH A. PRESTON DEAVERS**
                                    **CHIEF UNITED STATES MAGISTRATE JUDGE**